THIS ORDER IS APPROVED.

Dated: June 20, 2019



*Brenda Whinery*

Brenda Moody Whinery, Chief Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| In re | Case No. 4:18-bk-13382-BMW |
|---|---|
| RAYMOND KINDIG, STEPHANIE KINDIG | In Proceedings Under Chapter 13 |
| | STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES |
| Debtors. | |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Chapter 13 Plan of the Debtors as follows:

(A)  **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the trustee for distribution under the Plan.

(1)  <u>Future Earning or Income</u>. Debtors shall make the following monthly plan payments:

| Months | Amount |
|---|---|
| 1-6 | $3100.00 |
| 7-~~60~~ 8 | $3616.00 |
| 9 | $5020.00 (includes 2018 tax refund) |
| 10-60 | $3616.00 |

*DCK*

The payments are due on or before the 30th day of each month commencing November, 2018. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.

Any funding shortfall must be cured before the plan is deemed completed. The Debtors shall provide, directly to the Trustee copies of their **federal and state** income tax returns for the post-petition years for the duration of the plan within ~~fifteen (15)~~ fourteen 14 days of filing them. The

*DCK*

Page 1

purpose is to assist in the Trustee in determining any change in debtor's annual disposable income.

(2) <u>Other Property</u>. Debtors shall turn over any net tax refunds totaling more than $1000.00 per tax year for the duration of the plan. As supplemental payment under the plan.

**(B) DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

**(C) CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees</u>: Adam Hauf shall be allowed total compensation of $4,500.00. Counsel received $2,000.00 prior to filing this case and will be paid $2,500.00 by the Chapter 13 Trustee.

<u>Flat Fee</u>. Counsel for the Debtors has agreed to a total sum of $4,500.00 to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☒ All of the below, except Additional Services.
☒ Review of financial documents and information.
☒ Consultation, planning, and advice, including office visits and telephone communications.
☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
☒ Attendance at the § 341 meeting of creditors.
☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
☒ Responding to motions to dismiss, and attendance at hearings.
☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the pre-filing credit briefing and post-filing education course.

(2) Claims Secured by Real Property:

   A. Creditor, Caliber Home Loans, Inc., secured by a deed of trust on Debtors' residence, is to receive regular monthly payments through the Plan as follows:

   1. ~~$1,137.00 per month (per what has already been paid through the Plan)~~, The ongoing mortgage payments shall be paid through the Chapter 13 Trustee. Payments shall begin in November ~~December~~ 1, 2018, and continue for ~~59~~ 60 months, through November 1, 2023. ~~for a total of $.00.~~  DCK

   2. Arrears through May 2010 in the amount of $ $11,986.39 (per the proof of claim), shall be paid through the Plan as mortgage arrears.

(3) Claims Secured by Personal Property:

   A. Toyota Motor Credit Corporation-Claim #3, secured by a lien in a 2014 Toyota Tundra, shall be paid $26,297.91 with 6.25% interest. The creditor will receive adequate protection payments of $269.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

   B. Toyota Motor Credit Corporation-Claim #11, secured by a lien in a 2016 Toyota Rav4, shall be paid $30,259.20 with 6.25% interest. The creditor will receive adequate protection payments of $205.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

   C. Wells Fargo Bank, N.A.-Claim #4, secured by a lien in certain home furnishings, shall be paid $419.41 with 6.25% interest. The creditor will not receive adequate protection payments. The balance of the claim shall be classified as an unsecured non-priority claim.

   D. Wells Fargo Bank, N.A.-Claim #10, secured by a lien in certain home furnishings, shall be paid $1943.18 with 6.25% interest. The creditor will not receive adequate protection payments. The balance of the claim shall be classified as an unsecured non-priority claim.

(4) Unsecured Priority Claims:

   A. NONE

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance

remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    None

(6) <u>Other Provisions:</u>

    Debtors must pay at least $5,255.00 to their general unsecured creditors before they are eligible for a Chapter 13 discharge. This amount represents their net 2018 state and federal tax refunds.

(7) <u>Unsecured Non-priority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

### DATED AND SIGNED ABOVE

Approved as to Form and Content By:

_____
Dianne Kerns, Trustee

APPROVED
By Dianne Crandell Kerns at 12:34 pm, Jun 19, 2019

_____
Adam E. Hauf, Attorney for Debtor

Page 4

```
 1  TIFFANY & BOSCO
 2
 3
 4  _____
    Leonard McDonald, Esq.
 5  Attorneys for Toyota Motor Creditor Corporation
    (regarding Claim No. 11 - 01/10/2019 Objection to Chapter 13 Plan RE: 2016 TOYOTA
 6  RAV4, Docket No. 22)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

The Debtors certify: All required State and Federal income tax returns have been filed. No Domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Raymond Kindig, Joint Debtor


_____
Stephanie Kindig, Joint Debtor

Page 6

Case 4:18-bk-13382-BMW    Doc 30    Filed 06/20/19    Entered 06/20/19 16:07:02    Desc
Main Document    Page 6 of 6